IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **KEVIN BIRDO, #B-28737,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-01147-SMY |
| | ) | |
| **RANDY POLLARD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Kevin Birdo, who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), filed a complaint pursuant to 42 U.S.C. § 1983 against Defendant Randy Pollard, the Circuit Clerk in Jefferson County, Illinois. (Doc. 1). According to the complaint, Clerk Pollard investigated Plaintiff's request for 543 days of pre-sentence credit in a second post-conviction petition and filed an erroneous report in the case on July 23, 2015. (*Id*. at 6-8).

The "report," which takes the form of a letter to Plaintiff, states, in its entirety:

Dear Mr. Kevin Birdo B28737

I am writing you in response to the petition you filed in case number 95-CF-298. In your petition you state that you pled guilty to this case with the understanding that you would receive credit for 543 days toward your ILDOC sentence. I did look in your court file and you were in fact awarded this credit. I then proceeded to contact Lawrence Correctional Center to ask about this credit and to help me understand the sentence calculation work sheet you provided in your petition.

After discussions with the records department at Lawrence Correctional Center it was determined that you did get the 543 day credit. In the sentence calculation sheet it shows 96/09/18 minus 1 year, 6 months, and 15 days equaling 554 days credit.

If you believe the record sheet not to be accurate please speak with the records department in DOC. The records department does have and is aware of the 543 days credit that pertains to the case you have referenced in this petition.

> The petition will be assigned to a judge for a final ruling.
>
> Sincerely,
>
> Circuit Clerk
>
> Randy Pollard

(*Id*. at 11). In connection with the "report," Plaintiff now sues Clerk Pollard in his individual capacity for retaliation under the First Amendment, violating Plaintiff's right to due process and equal protection of the law under the Fourteenth Amendment, and engaging in professional negligence under Illinois state law. (*Id*. at 6). He seeks $3 million in damages, as well as a federal audit and investigation of all officials in Jefferson County, Illinois. (*Id*. at 9).

This case is now before the Court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The complaint is subject to dismissal.

To begin with, the complaint does not satisfy basic pleading requirements or notice standards. *See* FED. R. CIV. P. 8, 10. In order to survive threshold review under § 1915A, it must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading should also "give defendants fair notice of the claims against them and the grounds supporting

the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007); *Twombly*, 550 U.S. at 555).

Plaintiff's complaint misses the mark entirely. The complaint is brimming with inconsistent and vague statements. For example, Plaintiff challenges Clerk Pollard's handling of his second post-conviction petition, but he does not identify what conduct he disputes. Plaintiff alleges that the second post-conviction petition was "[u]pon information and belief . . . not even filed," despite the fact that the attached "report" is written "in response to the petition [Plaintiff] **filed**." (Doc. 1, pp. 8, 11) (emphasis added). Plaintiff goes on to challenge the "report" as being erroneous, but he identifies no errors in the "report." The allegations are so vague and ambiguous that they render the complaint meaningless. The complaint is subject to dismissal under *Twombly* and *Iqbal*.

Although the Court often grants plaintiffs an opportunity to amend their complaints before dismissing an action entirely, the Court finds no reason to do so here. The doctrine of absolute judicial immunity shields a county clerk from liability for damages under § 1983. *Eades v. Sterlinske*, 810 F.2d 723 (7th Cir.), *cert. denied*, 484 U.S. 847 (1987). The United States Supreme Court articulated the doctrine of absolute judicial immunity more than a century ago in *Bradley v. Fisher*, 80 U.S. 335 (1872), where it announced that "a judge may not be held to answer in civil damages for those judicial acts committed in the exercise of his jurisdiction." *Eades*, 810 F.2d at 725 (citing *Stump v. Sparkman*, 435 U.S. 349 (1978); *Pierson v. Ray*, 386 U.S. 547 (1967)). The doctrine safeguards the independent decision-making of judges. If a judge errs through inadvertence or even maliciousness, a party's remedy is through the appellate process, not through an action for money damages against the judge. *Lowe v. Letsinger*, 772 F.2d 308 (7th Cir. 1985).

The doctrine of judicial immunity is not limited to judges. It also encompasses auxiliary judicial personnel, such as the county clerk in this case. *Kincaid v. Vail*, 969 F.2d 594 (7th Cir. 1992). This is because "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts . . . warrants extension of the doctrine." *Id*. at 601 (citation omitted). Therefore, when auxiliary personnel perform judicial or quasi-judicial functions, they "perform a function integral to the judicial process and receive the same protection as full-fledged judicial officers." *Kincaid*, 969 F.2d at 601. Likewise, judicial immunity is available to a subordinate when he or she is acting pursuant to the explicit direction of a judicial officer. *See Dellenbach v. Letsinger*, 889 F.2d 755, 763 (7th Cir. 1989); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986).

In the instant complaint, Plaintiff claims that Clerk Pollard wrongfully investigated his second post-conviction petition and breached his duty by filing an erroneous report in that case on July 23, 2015. In doing so, Clerk Pollard necessarily exercised discretion in discharging his official duties. Under the circumstances, he is cloaked by the traditional doctrine of judicial immunity. *Eades*, 810 F.2d at 726 (citing *Henry*, 808 F.2d at 1238 (7th Cir. 1986) (court clerks entitled to judicial immunity if their official duties have an integral relationship with the judicial process). It would be futile to allow Plaintiff another opportunity to plead his claim against Clerk Pollard. Therefore, the claim and the action shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Pending Motion

Plaintiff's motion for service of process at government expense (Doc. 3) is **DENIED** as **MOOT**.

### Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. Defendant **RANDY POLLARD** is **DISMISSED without prejudice**.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 811 (7th Cir. 1998). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 13, 2015**

                                                  **s/ STACI M. YANDLE**
                                                  **District Judge,**
                                                  **United States District Court**